UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | 07 CR 794 |
| v. ) | |
| ) | Judge Matthew F. Kennelly |
| ARMANDO NAVARRETE ) | |

### MOTION FOR AGREED PROTECTIVE ORDER RELATING TO THE PROCEEDS FROM THE SALE OF THE REAL PROPERTY COMMONLY KNOWN AS 255 MITTEL DRIVE, WOOD DALE, ILLINOIS

The United States of America, through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of an order allowing for the sale of certain real property pursuant to the provisions of Title 21, United States Code, Section 853(e), as incorporated by Title 28, United States Code, Section 2461, and in support thereof submits the following:

1.      On December 4, 2007, an indictment was returned charging ARMANDO NAVARRETE and others with bank fraud violations pursuant to the provisions of 18 U.S.C. § 1344, among other violations.

2.      The indictment included allegations that certain property, including the real property commonly known as 255 Mittel Drive, Wood Dale, Illinois ("the Mittel Drive property") is subject to forfeiture, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as property which constitutes or is derived from proceeds of the violations. The Mittel Drive property is legally described as follows:

PARCEL 1:

LOT 1, TOGETHER WITH THE SOUTH 29.55 FEET OF THE EAST 143.00 FEET OF LOT 3 IN FOREST CREEK UNIT 3A, BEING A SUBDIVISION OF PART OF LOT 310 IN FOREST CREEK UNIT 3, BEING A RESUBDIVISION IN THE

NORTHEAST 1/4 OF SECTION 9 AND THE SOUTH ½ OF SECTION 4, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT OF SAID FOREST CREEK UNIT 3A RECORDED AUGUST 22, 1984 AS DOCUMENT NO. R84-67150, IN DUPAGE COUNTY, ILLINOIS.

PARCEL 2:

NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS FOR THE BENEFIT OF PARCEL 1 ALONG THE EASTERLY 12.00 FEET OF LOT 2 IN FOREST CREEK UNIT 3A CREATED BY PLAT OF SAID FOREST CREEK UNIT 3A RECORDED AUGUST 22, 1984 AS DOCUMENT NO. R84-67150, IN DUPAGE COUNTY, ILLINOIS.

Permanent Real Estate Index:   03-09-203-021.

3.    To preserve its interest in the Mittel Drive property, after the indictment was returned, the United States recorded a *lis pendens* with the DuPage County Recorder of Deeds Office. The record owner of the Mittel Drive property is Navarrete, L.L.C. Further, a mortgage is held on the subject real property by LaSalle Bank.

4.    On or about January 15, 2008, the government learned that Navarrete, L.L.C. entered into a contract to sell the subject real property for the purchase price of $2,100,000. A closing date is scheduled for January 23, 2008.

5.    The United States requests that the Court enter an order allowing the sale of the Mittel Drive property to proceed and directing that the proceeds from the sale, after the payment of certain costs, detailed in paragraph nine (9) below, be retained in an escrow account pending further order of this court.

6.    Failure to take the proposed action, in all probability, will result in economic damage and may affect the value of the real property, jeopardizing the availability of any equity in the real property, thus making the property or proceeds from the sale unavailable for forfeiture.

7.       Pursuant to 21 U.S.C. § 853(e), as incorporated by 28 U.S.C. § 2461, this Court has jurisdiction to enter orders or take other action to preserve and to protect property to insure that the property will be available for forfeiture in the event of conviction.

8.       Specifically, 21 U.S.C. § 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> > (A)       upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

9.       In the event that the Mittel Drive property is sold, pursuant to the terms of the contract, to preserve the availability of the proceeds of the sale, the United States requests that, after an approved accounting and the payment of certain costs, namely, the above-described mortgage, attorney's fees, and the real estate broker's commission, the remaining proceeds shall be held in escrow by the United States Marshal pending further order of this Court.

WHEREFORE, the United States respectfully requests that this Court enter a protective order relating to the proceeds from the sale of the real property commonly known as 255 Mittel Drive, Wood Dale, Illinois, in order to preserve the proceeds from the sale for forfeiture to the United States.

                Respectfully submitted

                PATRICK J. FITZGERALD
                United States Attorney


                /s Brandon D. Fox
                BRANDON D. FOX
                Assistant United States Attorney
                219 South Dearborn Street
                Chicago, Illinois
                (312) 353-5277

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 07 CR 794 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| ARMANDO NAVARRETE | ) | |

PROTECTIVE ORDER RELATING TO THE PROCEEDS
FROM THE SALE OF THE REAL PROPERTY
COMMONLY KNOWN AS 255 MITTEL DRIVE, WOOD DALE, ILLINOIS

This matter comes before this Court on motion of the United States for a protective order relating to the proceeds from the sale of the real property commonly known as 255 Mittel Drive, Wood Dale, Illinois pursuant to Title 21, United States Code, Section 853(e), as incorporated by Title 28, United States Code, Section 2461, and this Court fully advised finds as follows:

(a)  On December 4, 2007, an indictment was returned charging ARMANDO NAVARRETE and others with bank fraud violations pursuant to the provisions of 18 U.S.C. § 1344, among other violations;

(b)  The indictment included allegations that certain property, including the real property commonly known as 255 Mittel Drive, Wood Dale, Illinois ("the Mittel Drive property") is subject to forfeiture, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as property which constitutes or is derived from proceeds of the violations. The Mittel Drive property is legally described as follows:

PARCEL 1:

LOT 1, TOGETHER WITH THE SOUTH 29.55 FEET OF THE EAST 143.00 FEET OF LOT 3 IN FOREST CREEK UNIT 3A, BEING A SUBDIVISION OF PART OF LOT 310 IN FOREST CREEK UNIT 3, BEING A RESUBDIVISION IN THE NORTHEAST 1/4 OF SECTION 9 AND THE SOUTH ½ OF SECTION 4, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL

MERIDIAN, ACCORDING TO THE PLAT OF SAID FOREST CREEK UNIT 3A RECORDED AUGUST 22, 1984 AS DOCUMENT NO. R84-67150, IN DUPAGE COUNTY, ILLINOIS.

PARCEL 2:

NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS FOR THE BENEFIT OF PARCEL 1 ALONG THE EASTERLY 12.00 FEET OF LOT 2 IN FOREST CREEK UNIT 3A CREATED BY PLAT OF SAID FOREST CREEK UNIT 3A RECORDED AUGUST 22, 1984 AS DOCUMENT NO. R84-67150, IN DUPAGE COUNTY, ILLINOIS.

Permanent Real Estate Index:   03-09-203-021.

(c)    To preserve its interest in the Mittel Drive property, after the indictment was returned, the United States recorded a *lis pendens* with the DuPage County Recorder of Deeds Office. The record owner of the Mittel Drive property is Navarrete, L.L.C. Further, a mortgage is held on the subject real property by LaSalle Bank;

(d)    On or about January 15, 2008, the government learned that Navarrete, L.L.C. entered into a contract to sell the subject real property for the purchase price of $2,100,000. A closing date is scheduled for January 23, 2008;

(e)    The United States requests that the Court enter an order allowing the sale of the Mittel Drive property to proceed and directing that the proceeds from the sale, after the payment of certain costs, detailed in paragraph (h) below, be retained in an escrow account pending further order of this court;

(f)    Failure to take the proposed action, in all probability, will result in economic damage and may affect the value of the real property, jeopardizing the availability of any equity in the real property, thus making the property or proceeds from the sale unavailable for forfeiture;

(g) Pursuant to 21 U.S.C. § 853(e), as incorporated by 28 U.S.C. § 2461, this Court has jurisdiction to enter orders or take other action to preserve and to protect property to insure that the property will be available for forfeiture in the event of conviction;

(h) Specifically, 21 U.S.C. § 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> > (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(i) In the event that the Mittel Drive property is sold, pursuant to the terms of the contract, to preserve the availability of the proceeds of the sale, the United States requests that, after an approved accounting and the payment of certain costs, namely, the above-described mortgage, attorney's fees, and the real estate broker's commission, the remaining proceeds shall be held in escrow by the United States Marshal pending further order of this Court;

(j) Failure to take the proposed action, in all probability, will result in economic damage and may affect the value of the real property, and jeopardize the availability of any equity in the real property, thus making the property or proceeds from the sale unavailable for forfeiture.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, the government's motion for the entry of a protective order directing the proceeds from the sale of the property commonly known as 255 Mittel Drive, Wood Dale, Illinois , be held in escrow, pursuant to the  pursuant to the provisions of  21 U.S.C. § 853(e)(1), as incorporated by 28 U.S.C. § 2461;  it is further ordered,

2. That, prior to the release of the lis pendens, the United States shall be provided with an accounting of costs and obligations related to the settlement for approval. After the satisfaction of certain costs, and the transfer of the proceeds to the United States Marshal, the lis pendens notice shall be released; it is further ordered,

3. That, the proceeds from the sale of the subject real property shall be retained in an escrow account by the United States Marshal pending further order of this Court; it is further ordered,

4. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order.

_____
MATTHEW F. KENNELLY
United States District Judge

DATED: _____

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

> MOTION FOR AGREED PROTECTIVE ORDER RELATING TO THE PROCEEDS FROM THE SALE OF THE REAL PROPERTY COMMONLY KNOWN AS 255 MITTEL DRIVE, WOOD DALE, ILLINOIS

> and

> PROPOSED PROTECTIVE ORDER RELATING TO THE PROCEEDS FROM THE SALE OF THE REAL PROPERTY COMMONLY KNOWN AS 255 MITTEL DRIVE, WOOD DALE, ILLINOIS

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent on January 18, 2008 to the following non-ECF filers:

| | |
|---|---|
| James Riebandt (via email) | Gemma Dixon (via U.S. mail) |
| Riebandt & DeWald, P.C. | 222 North LaSalle Street, Suite 2160 |
| 1237 S. Arlington Heights Road | Chicago, Illinois 60601 |
| Arlington Heights, IL  60005 | |

 Brandon D. Fox/s
BRANDON D. FOX
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 353-5277